COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Humphreys and Senior Judge Overton


KAREN ATKINS

MEMORANDUM OPINION[*]

v.   Record Nos. 3398—02-2 and                    PER CURIAM
            3399-02-2                            MAY 27, 2003

RICHMOND DEPARTMENT OF
 SOCIAL SERVICES


        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
              Randall G. Johnson, Judge

        (Richard G. White, Jr., on briefs), for
        appellant.

        (Shunda T. Giles; Richmond City Attorney's
        Office, on briefs) for appellee.


    Karen Atkins appeals decisions terminating her parental rights to her daughters pursuant to Code § 16.1-283(C).  On appeal, appellant contends the evidence was insufficient to support the termination.  We disagree, and summarily affirm the decisions of the trial court.  See Rule 5A:27.

                         BACKGROUND

    We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence established the children were born August 30, 1995, and February 15, 2000, and lived with Atkins and her husband, Timothy Atkins. On November 3, 2000, the younger child was admitted to the hospital for injuries she sustained while in the care of Atkins and her husband. Laurie Coleman, a Child Protective Services employee, investigated the incident. Her investigation revealed that the child sustained her injuries while with her caretakers, that they were not accidental, and could not have been caused from falling from her crib as alleged by Atkins and her husband. Coleman met with Atkins to discuss a plan to keep both children safe while in her care. Atkins refused to provide Coleman with any information regarding her husband. The Richmond Department of Social Services removed the child from Atkins's home and placed her in foster care.

On December 18, 2000, the Department received a complaint alleging the older child was being abused and neglected by Atkins and her husband. Atkins reported she and her husband were arguing while her husband was driving. He removed his hands from the steering wheel and began hitting Atkins. The car collided with other vehicles. The Department sought the child's removal from Atkins's home. On December 29, 2000, the juvenile court denied the Department's request for emergency removal and the child was returned to mother with a protective order directing that Atkins's husband have no contact with the child.

-

Atkins later allowed her husband to return to their home and sent the child to live with her husband's mother. In February 2001, fire destroyed Atkins's residence. Atkins said her husband smashed items in the house with a sledgehammer after an argument and then burned the residence. Atkins's husband blamed her for the fire. He moved in with his mother, where he had contact with the older child. The Department removed the child on March 2, 2001, citing the violation of the protective order and Atkins's neglect. The Department could not determine Atkins's whereabouts at the time of the removal.

On March 5, 2001, Coleman met with Atkins to discuss efforts she needed to make to regain custody of her two children. Coleman advised Atkins to secure adequate housing, attend parenting classes, and maintain contact with the foster care worker. Atkins was ordered to obtain a substance abuse assessment, to follow all treatment recommendations, and to cooperate with domestic violence counseling.

The juvenile court disapproved the initial foster care plan with the goal of returning home. The Department submitted a new plan with the goal of adoption. From November 2000 through January 2002, Atkins failed to attend parenting classes, to have a psychological evaluation, to obtain substance abuse assessment, and to attend the domestic violence program. She continued to have contact with her husband, and lost custody of her newborn baby because of continued domestic violence from her

-

husband.  Atkins maintained monthly visitation with the children.  Atkins failed, however, to maintain stable employment.

On January 29, 2002, following a court hearing, Kimberly McClintic, the foster care social worker to whom the case had been reassigned, met with Atkins.  McClintic informed Atkins she needed to attend parenting classes and domestic violence classes, have a substance abuse evaluation, and secure stable housing and employment in order to regain custody of her children.  Although Atkins attended only six parenting classes, she completed the substance abuse evaluation and mental health assessment.  Atkins never complied with the domestic violence program as ordered by the court, repeatedly refused housing referrals, and failed to secure stable, consistent housing or provide verification of the housing she claimed she had.  For three months during the summer of 2002, Atkins failed to maintain contact with the Department.  She admitted past drug use and involvement in large scale cocaine distribution.

## Analysis

The statute permits termination of parental rights if the trial judge finds by clear and convincing evidence, (i) that the termination is in the best interests of the child, (ii) that "reasonable and appropriate" services have been offered to help the parent "substantially remedy the conditions which led to or required continuation of the child's foster care placement," and

-

(iii) that, despite those services, the parent has failed, "without good cause," to remedy those conditions "within a reasonable amount of time not to exceed twelve months from the date the child was placed in foster care." Code § 16.1-283(C)(2). We are mindful of the principle that "[t]he termination of residual parental rights is a grave, drastic and irreversible action," Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991), but on review of a termination order we "'presume[] [the trial judge has] thoroughly weighed all the evidence [and] considered the statutory requirements,'" Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (quoting Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990)). The judge is not required to state his or her findings of fact and conclusions of law with specificity as long as the record contains evidence to support the decision.

The evidence we have recited was sufficient to prove, by clear and convincing evidence, both (1) that the Department made "reasonable and appropriate efforts" to help Atkins remedy the conditions "which led to or required continuation of the child's foster care placement" and (2) that Atkins, without good cause, failed "to substantially remedy" those conditions within a reasonable period of time. In reaching this conclusion, the judge was required by Code § 16.1-283(C)(2) to "take into

-

consideration the prior efforts of such agencies to rehabilitate the parent."

## Remedial Efforts

In her briefs, Atkins asserts she largely complied with the Department's requirements for remedying the conditions which led to foster care.  The evidence established, however, that she repeatedly failed to attend parenting classes, to complete a domestic violence program, to obtain stable housing and employment, and to submit to a substance abuse and mental health assessment.  The evidence proved Atkins continued to have substantial contact with her abusive husband and failed to protect the child by violating the court order prohibiting all contact with him.

## Evidence of Neglect of Other Children

Atkins also argues the trial judge impermissibly considered evidence pertaining to the removal of her newborn son after the daughters were placed in foster care.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).  As we held in Logan, evidence of Atkins's

> neglect of her other children demonstrates
> she has a pattern of neglect, which is of
> definite probative value when coupled with
> her unwillingness to correct her
> deficiencies in her care of [her daughters].

-

> Mindful of the court's primary goal of
> ensuring [the children's] best interest, we
> cannot say the court abused its discretion
> by considering evidence of [mother's]
> neglect of her other children.

13 Va. App. at 132-33, 409 S.E.2d at 465.

## Relatives

Finally, Atkins contends the Department failed to produce sufficient evidence that there were no relatives willing and suitable to take custody of the children as required under Code § 16.1-283(A). "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. Atkins did not present this argument to the trial court. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18

For these reasons, we summarily affirm the decisions of the trial court. See Rule 5A:27.

Affirmed.

-